UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDICE GLASER, | No. 2:16-cv-2317 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence and failure to develop the administrative record constituted error. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

In April of 2013, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 9.)

1

("SSI") under Title XVI of the Act. (Transcript ("Tr.") at 17, 174-85.) Plaintiff's applications were denied initially, (id. at 104-111), and upon reconsideration. (Id. at 17, 115-19, 121-25.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on April 7, 2015. (Id. at 34-62.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 34-35.) At the April 7, 2015 administrative hearing plaintiff amended the alleged onset date to April 18, 2013, resulting in the dismissal of plaintiff's claim for DIB. (Id. at 17, 36-37.)

In a decision issued on June 26, 2015, the ALJ found that plaintiff was not disabled. (Id. at 28.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2005.
>
> 2. The claimant has not engaged in substantial gainful activity since April 18, 2013, the amended onset date (20 CFR 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: chronic back pain syndrome, displacement of thoracic or lumbar intervertebral disc without myelopathy, lumber spondylosis without myelopathy, and mild thoracic scoliosis (20 CFR 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except no climbing ladders/ropes/scaffolds.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 7. The claimant was born on May 5, 1983 and was 29 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 416.963).
>
> 8. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from April 18, 2013, through the date of this decision (20 CFR 416.920(g)).

(Id. at 19-28.)

On September 15, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's June 26, 2015 decision. (Id. at 1-4.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 28, 2016. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

////

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following two principal claims: (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the ALJ failed to develop the administrative record. (Pl.'s MSJ (ECF No. 18) at 9-15.[2])

I.  Medical Opinion Evidence

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

  A. Nurse Practitioner Jesse Vaughn

Here, plaintiff argues that the ALJ erred in rejecting the October 15, 2013 medical source statement ("MSS") of Jesse Vaughn, a nurse practitioner. (Pl.'s MSJ (ECF No. 16) at 11-13.) In addition to evidence from acceptable medical sources, a plaintiff may offer opinions from "other sources" to establish the severity of impairments. See 20 C.F.R. §§ 404.1513(d), 416.913(d). "An ALJ may discount the opinion of an 'other source,' such as a nurse practitioner, if she provides 'reasons germane to each witness for doing so.'" Popa v. Berryhill, 872 F.3d 901, 906 (9th Cir. 2017) (quoting Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012); see also Petty v. Colvin, 954 F.Supp.2d 914, 926 (D. Ariz. 2013) ("An ALJ is free to discount testimony from other sources, but as the Commissioner concedes, he must give reasons germane to each witness for doing so.").

Here, the ALJ's June 26, 2015 decision noted Vaughn's opinion, but afforded it "minimal weight." (Tr. at 26.) The ALJ supported this determination by noting, in relevant part, that Vaughn's opinion "did not identify any physical functional limitations, other than a sit/stand option . . . ." (Id.) Moreover, Vaughn's opinion was inconsistent with the opinion of an examining physician, Dr. Van Kirk, unsupported by "clinical or diagnostic findings to support such a limitation," and physical examinations of the plaintiff did not reflect that "she was

alternating from sitting to standings on even an infrequent basis." (Id.)

As noted above, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Chaudhry, 688 F.3d at 671 (quotation omitted). In this regard, the reasons provided by the ALJ for discounting the other source statement were certainly germane. See Samuels v. Colvin, 658 Fed. Appx. 856, 858 (9th Cir. 2016) (lack of support from "objective medical evidence" is a germane reason); Ball v. Colvin, 607 Fed. Appx. 709, 710 (9th Cir. 2015) (inconsistency with "contemporaneous medical evidence" is a germane reason).

Accordingly, plaintiff is not entitled to summary judgment with respect to this claim.

B. Dr. David Sisemore

Plaintiff also argues that the ALJ "stated no 'clear and convincing reasons for rejecting the opinion of Dr. Sisemore, nor APDS." (Pl.'s MSJ (ECF No. 18) at 14.) What plaintiff characterizes as an opinion, however, is in fact an August 20, 2014 medical record from plaintiff's visit with Dr. Sisemore. The ALJ's decision discussed this medical record, stating:

> Wellspace Medical Center/The Effort records document she was seen August 20, 2014 for medication management for anxiety, depression and chronic pain. The mental status examination was normal, except for reported problems sleeping, constricted affect, and a depressed and anxious mood. Diagnoses were moderately severe anxiety, rule out general anxiety disorder, rule out PTSD and moderately severe depression. She was prescribed medications and contained no evidence of treatment subsequent to August 2014.

(Tr. at 23.)

Although plaintiff asserts that the ALJ rejected Dr. Sisemore's opinion, Dr. Sisemore did not opine as to plaintiff's functional limitations or on the ultimate issue of disability. Instead, Dr. Sisemore simply summarized the findings from plaintiff's visit. See Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) ("'In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work.'"); Orn v. Astrue, 495 F.3d 625, 634 (9th Cir. 2007) ("The primary function of medical records is to promote communication and recordkeeping for health care personnel—not to provide evidence

6

for disability determinations."). Moreover, plaintiff's argument ignores the ALJ's discussion of plaintiff's alleged mental impairment.

In this regard, the ALJ's decision stated:

> Next, her mental complaints as set forth above and in the record were not credible as the SA determinations contained no mental determinations and the overall record contained no evidence the claimant was treated by a mental health professional/specialist, except once in August 2014.
>
> Treating records contained few mental clinical findings and no evidence she had any 5150 mental health admissions, crisis center contacts, or a psychiatric hospitalization. There was no evidence upon examination or while waiting to be seen of an anxiety or panic attack or that she constantly appeared depressed. Those records contained no evidence of any individual or group therapy, or that she was seeking help from United Way organizations or county mental health. Chart notes further erode her mental complaints as they documented December 15, 2012 it was negative under ROS for Psychiatric/Behavioral. January 28, 2013 and March 12, 2013 upon ROS, Psychiatric indicated no anxiety or depression and August 27, 2013 ROS, Psychiatric/Behavioral was annotated as negative for depression and substance abuse. October 21, 2014 and November 18, 2014 under ROS, Psychiatric it was negative for anxiety, depression or insomnia.
>
> Wellspace Medical Center/The Effort records document she was seen one time August 20, 2014 for medication management for anxiety, depression and chronic pain and contains no evidence of treatment subsequent to August 2014.
>
> During orthopedic CE with Dr. Van Kirk, she did not allege any mental problems, upon examination was noted to be pleasant, and reported daily activities that indicated she was able to function quite well mentally.
>
> Lastly, her mental complaints were not found credible because no mental problems were perceived when she filed her application, testified to undergoing no mental health treatment, and indicated in her application that she did not need help with personal care, hygiene or upkeep of a home.
>
> Based upon these factors, the undersigned not only determined her mental complaints were not credible but that she did not have a medically determinable mental impairment.

(Id. at 25-26) (citations omitted).

In this regard, the court finds no error with respect to the ALJ's treatment of the August 2014 medical record. Accordingly, plaintiff is not entitled to summary judgment with respect to this claim.

7

II. Failure to Develop the Administrative Record

Plaintiff argues that the ALJ's finding that plaintiff's anxiety condition was not severe created "ambiguity" that required that the ALJ "seek further medical opinion (sic) to properly evaluate the evidence." (Pl.'s MSJ (ECF No. 18) at 15.)

"The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quotation omitted). "This duty exists even when [as here] the claimant is represented by counsel." Smolen, 80 F.3d at 1288. However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

Here, the record with respect to plaintiff's anxiety was neither ambiguous nor inadequate to allow for proper evaluation. In this regard, plaintiff's argument accurately cites to incidents in which plaintiff was diagnosed with anxiety and proscribed medication for treatment. (Pl.'s MSJ (ECF No. 18) at 13.) However, as evidenced by the portion or the ALJ's decision quoted above, the totality of the evidence before the ALJ failed to establish that plaintiff suffered from anxiety such that it had more than a minimal effect on her ability to work.[3] See Smolen, 80 F.3d at 1290.

Accordingly, plaintiff is not entitled to summary judgment on plaintiff's claim that the ALJ failed to develop the administrative record.

## CONCLUSION

The court has found that plaintiff is not entitled to summary judgment on any claim of error.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is denied;

2. Defendant's cross-motion for summary judgment (ECF No. 19) is granted;

////

---

[3] The court notes that plaintiff has not challenged the ALJ's findings at step two of the sequential evaluation or the treatment of plaintiff's subjective testimony.

3. The decision of the Commissioner is affirmed; and

4. The Clerk of the Court shall enter judgment for defendant and close this case.

Dated: February 27, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\glaser2317.ord